**FOOD INDUSTRIES RESEARCH AND ENGINEERING, INC., a Washington Corporation, Plaintiff,**

v.

**STATE OF ALASKA et al., Defendants.**

Civ. No. A–129–69.

United States District Court,
D. Alaska.

Feb. 5, 1975.

Hugh G. Wade, Walter H. Garretson, Garretson & Jarvi, Anchorage, Alaska, for plaintiff.

H. Russel Holland, Holland & Thornton, Marvin S. Frankel, Richard F. Lytle, Houston & Lytle, G. Kent Edwards, U. S. Atty., Avrum Gross, Atty. Gen., Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

von der HEYDT, Chief Judge.

The Court of Appeals for the Ninth Circuit in No. 73–3032, November 19, 1974, vacated this Court's order of June 19, 1973, and remanded the case to be reconsidered in light of two intervening decisions of the Alaska Supreme Court. Specifically, the Court of Appeals directed this court to determine if Sumner Development Corporation v. Shivers, 517 P.2d 757 (Alaska 1974) and Gates v. Rivers Construction Co., 515 P.2d 1020 (Alaska 1973), rendered subsequent to Hedla v. McCool, 476 F.2d 1223 (9th Cir. 1973), interpreted Alaskan law so as to weaken the authority of Hedla v. McCool, *supra,* as precedent for the result reached in this court's memorandum and order of June 19, 1973. The court has determined, for reasons to appear subsequently, that the aforementioned Alaska Supreme Court decisions indicate that that court would reach a different result than that reached by this court in its earlier order granting summary judgment to the defendants. Accordingly, under the mandate of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct.

817, 82 L.Ed. 1188 (1938), this court vacates its earlier order granting summary judgment to the defendants.

Although neither *Sumner* nor *Gates* fully is dispositive of the issue before this court, collectively these decisions express a distaste for statutes which cause forfeitures and reflect an inclination on the part of the Alaska Supreme Court to "approach the case from our own view of intelligent policy and with the thought of doing justice between the parties [where a bar to the legal action is not mandated]." *Sumner, supra* 517 P.2d at 763. In *Sumner*, A.S. 08.18.151 provided an express bar to the contractor's enforcement of the contract. Therefore the Alaska Supreme Court held that no affirmative recovery could be had. However, the court did hold that a setoff was proper since no express bar existed to asserting the claim defensively. In so doing the court chose not to follow the reasoning of *Hedla, supra,* but rather to follow prior California precedent which firmly had established that a setoff was permissable. Further, the court refused to follow the distinctions between *malum in se* and *malum prohibitum* where a right to recovery is not expressly barred. In the alternative, the court would consider the factors enumerated in 6A Corbin on Contracts § 1534, p. 818 which are: "the degree of criminality or evil, the comparative innocence or guilt of the parties, the extent of public harm involved, the moral quality of the conduct of the parties, and the severity of the penalty of forfeiture that will result from a refusal of relief." *See also,* 15 Williston on Contracts § 1764, p. 236 (3rd ed. Jaeger). It deserves emphasis here that the section cited and quoted from *Corbin* applies not only to setoffs but to affirmative recovery as well in instances where the action is not specifically barred.

In the case at bar, A.S. 08.48.190 does not specifically provide that no action may be brought for the collection of compensation for the performance of work as is the case in A.S. 08.18.151. Rather, A.S. 08.48.190 provides that "A registered professional engineer or architect who is not a resident of the state or does not have an established place of business in the state but who possesses the qualifications required by this chapter shall qualify under this chapter before he may solicit business for, enter into contracts for, or perform professional services requiring registration or a permit." Further, A.S. 08.48.190 does not specifically provide that a contract entered in violation of its prohibition shall be void or unenforceable. The Alaska Supreme Court has emphasized the importance of a lack of such language in *Gates, supra,* 515 P.2d at 1022–23. There, that court upheld the action on the allegedly illegal contract.

In the instant case A.S. 08.48.400(b) establishes a penalty for the violation of A.S. 08.48.190. "(b) Any person who violates any provision of this section is guilty of a misdemeanor and upon conviction is punishable by a fine of not less than $25 nor more than $500, or by imprisonment not to exceed six months." *See,* Sumner, *supra,* 517 P.2d at 765. In 15 Williston on Contracts § 1764 (3rd ed. Jaeger), cited in footnote 32 of *Sumner, supra,* 517 P.2d at 765, it is stated, quoting from Dunlop v. Mercer, 156 F. 545 (8th Cir. 1907), "The general rule that an illegal contract is void and unenforceable is, however, not without exception. It is not universal in its application. It is qualified by the exception that where a contract is not evil in itself, and its invalidity is not denounced as a penalty by the express terms of or by rational implication from the language of the statute which it violates, and that statute prescribes other specific penalties, it is not the province of the courts to do so, and they will not thus affix an additional penalty not directed by the lawmaking power." *See also,* Vitek, Inc. v. Alvarado Ice Palace, Inc., 34 Cal.App.3d 586, 110 Cal.Rptr. 86, 91 (App.1973). Since the Alaska legislature has provided specific penalties for the violation of A.S. 08.48.190, the court finds that the Alaska Supreme Court may be reluctant to condone a result that would result in forfeiture unless

**344**

such was required by public policy. This is particularly true in relation to the facts of the instant case where it appears plaintiff in all probability has not violated any of the provisions of A.S. 08.48.400.

In such a case, the court speculates that the Alaska judiciary would resort to the factors enumerated in *Sumner, supra,* 517 P.2d at 765. Applying those factors to the facts viewed most favorable to plaintiffs, as the court must on a motion for summary judgment, it is clear that plaintiff is entitled to pursue its remedy. However, in light of the public policy behind A.S. 08.48.190, the relief sought should be for restitution or an action for *quantum meruit*; that is, plaintiff should be entitled to recover the reasonable value of the services rendered rather than the contract price. In such a manner justice can be done between the parties without doing injustice to the legislative policy of Alaska.

Accordingly, it is ordered:

1. That this court's order of June 19, 1973, is vacated.

2. That defendant's motion for summary judgment is denied.